The motions of the defendants for summary judgment will be overruled.

Judgment will be awarded to the plaintiff against each of the defendants in the sum of $15,000 with interest from the 18th day of June, 1951.

An order may be drawn accordingly.

ANDERSON, Plaintiff-Appellant, v. ANDERSON, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22875. Decided March 17, 1954.

George W. Kerr, Corrigan, McMahon & Corrigan, Cleveland, for plaintiff-appellant.

W. P. Clyne, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

This case comes to this Court on questions of law.

On February 29, 1952, a decree of divorce was entered in the common pleas court of Cuyahoga County. The journal entry of the court incorporated a Separation Agreement in which the parties "acknowledged that they did execute the Separation Agreement—and that the same is their free act and deed" before a Notary Public in Cleveland, Cuyahoga County, Ohio, on August 23, 1951. The Separation Agreement contained the following provision:

"9. Should either party be granted a divorce from the other party, the provisions of this agreement shall be submitted to the court and as far as practicable shall be embodied in the decree of divorce."

The court in its journal entry declared that:

"Said agreement is fair and reasonable and was reached without coercion and the court hereby confirms and approves the same. * * *."

The divorce petition was filed September 12, 1951, and service was had on defendant by publication and summons with certified copy of the petition mailed to the known address of defendant in Florida.

On January 5, 1953, a motion to modify custody of children was filed in this same action by the plaintiff, Charles E. Anderson appellant here.

On January 10, 1953, motion to show cause and motion "for an order modifying the former order of this court * * *" were filed by the defendant, Mildred Anderson, appellee here.

The trial court overruled the motion of plaintiff appellant and granted the motions of defendant appellee.

In its journal entry of April 13, 1953, it stated inter alia:

"The court finds that the matter of a review of the decree of February 6, 1952 (and the separation agreement incorporated therein by reference) was brought forward by the motion of the plaintiff, and

therefore the court has properly reviewed all the provisions contained in the decree and agreement insofar as they concern the support and maintenance of the said minor children. It being doubtful whether a full disclosure of the plaintiff's financial position was revealed at the time when the decree was granted, the Court has fully reviewed the same upon the hearing of the plaintiff's and defendant's motions at this time.

"The Court finds that at the time when the decree was signed adequate provisions were not made for the minor children's future welfare and education commensurate with plaintiff's ability and his financial standing. In view of this, the Court further finds that the sum of $200.00 per month heretofore ordered by the Court for the support and maintenance of said minor children is inadequate and that since the original decree the income of the plaintiff has materially increased.

"The Court further finds that the plaintiff at the time of the decree, and now, is possessed of sufficient moneys, funds and income to provide for the creation of a Trust Fund, the principal and income of which may be used adequately to provide for the college education and future security of the said minor children."

The findings of the trial court, as stated in the portion of the journal entry set forth above, in our opinion constitutes clear error of law prejudicial to the substantial rights of the plaintiff appellant herein, which requires the reversal of its judgment with respect to the motion to modify, for the reason that the continuing jurisdiction of the court respecting the custody or support of the children is only for the purpose of modifying former orders thereto when substantial changes have taken place in the condition of the parties, which calls for and requires a modification of the former order.

By such determination we indicate no opinion as to whether a modification of the former order in this case should or should not take place. We merely say that if a modification be required it be based upon changed circumstances since the original decree.

14 O. Jur. 545 (Grounds)

Nash v. Nash, 77 Oh Ap 155.

Resort to §2325.02 R. C. is necessary for a judgment, rendered without other service than by publication, to be opened and a defendant allowed in to defend.

We find no prejudicial error with regard to the order on the motion to modify custody of children since we believe the exclusion of the evidence of the former Mrs. Cook proffered by the plaintiff, was proper.

We likewise find no prejudicial error as regards the motion to show cause.

The judgment on the motion of defendant appellee to modify is accordingly reversed and the cause remanded for further proceedings in conformity with this opinion.

Judgment affirmed in part and reversed in part. Exc. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.